<pre>
 1                    UNITED STATES DISTRICT COURT
 2                     DISTRICT OF PUERTO RICO

 3    PABLO ARIAS-NIEVES,
 4
 5         Plaintiff,
                                    Civil No. 08-2292 (JAF)
 6         v.

 7    B.F.I. OF PUERTO RICO, INC.,
 8    et al.,
 9
10         Defendants.
</pre>

## OPINION AND ORDER

Plaintiff, Pablo Arias-Nieves, brings this action in diversity against Defendants, B.F.I. of Puerto Rico, Inc. ("BFI"), Allied Waste of Puerto Rico, Inc. ("Allied Waste"), Lazare Kaplan P.R., Inc. ("Lazare Kaplan"), and three unknown defendants, alleging tortious conduct in breach of article 1802 of the Puerto Rico Civil Code. (Docket No. 20.) Defendants BFI, Allied Waste, and Lazare Kaplan ("Movants") move to dismiss due to spoliation of evidence. (Docket Nos. 33, 35.) Plaintiff opposes the motion. (Docket No. 39.)

**I.**

## Factual and Procedural Synopsis

We draw the following facts from the parties' pleadings and submissions. (Docket Nos. 20, 25, 30, 33, 40.)

On November 12, 2007, Plaintiff, a domiciliary of Florida, was driving a car (the "car") in Caguas when he struck a sanitation vehicle operated by Defendants. Defendants' vehicle completely

Civil No. 08-2292 (JAF)                                                    -2-

1    blocked Plaintiff's path by parking across both lanes of the road.

2    After the incident, Plaintiff was hospitalized for his injuries.

3        On November 11, 2008, Plaintiff commenced this case in federal

4    court, seeking $500,000 in damages. (Docket No. 1.) During

5    Plaintiff's deposition, he stated that his seatbelt malfunctioned

6    during the collision, even though he had fastened it. (Docket No. 33-

7    11.) Defendants then discovered that the car Plaintiff was driving

8    was no longer available for inspection. (Docket No. 33.) One week

9    after the collision, while Plaintiff was recuperating at the

10   hospital, Plaintiff's mother received complaints from neighbors over

11   the placement of the wrecked car in front of her house. (Docket

12   No. 33-5.) Plaintiff's mother was the title owner of the car. (Id.)

13   Under the belief that the wreck constituted a public nuisance in

14   violation of municipal ordinance, she permitted the Municipality of

15   Caguas to dispose of the car as junk. (Id.)

16       After failing to obtain the car for inspection, Movants moved to

17   dismiss on July 31, 2009. (Docket No. 33.) Plaintiff opposed on

18   August 31, 2009. (Docket No. 39.)

19                                  **II.**

20                               **Analysis**

21       While dismissal for failure to comply with discovery rules is

22   ordinarily a sanction under Federal Rule of Civil Procedure

23   37(b)(2)(A)(v), a federal court also has the inherent power to

24   dismiss a case to prevent unfair prejudice to a defendant. Collazo-

1    <u>Santiago v. Toyota Motor Corp.</u>, 149 F.3d 23, 28-29 (1st Cir. 1998).

2    Dismissal is a harsh sanction that "runs counter to our 'strong

3    policy favoring the disposition of cases on the merits." <u>Id.</u> at 28

4    (quoting <u>Benjamin v. Aroostook Med. Ctr., Inc.</u>, 57 F.3d 101, 107 (1st

5    Cir. 1995)). Dismissal is appropriate "to rectify any prejudice the

6    non-offending party may . . . suffer[] as a result of the loss of

7    evidence and to deter any future conduct, particularly deliberate

8    conduct, leading to such loss of evidence." <u>Id.</u> at 29. "Therefore, of

9    particular importance when considering the appropriateness of

10   sanctions is the prejudice to the non-offending party and the degree

11   of fault of the offending party." <u>Id.</u>

12       In the case at bar, Movants insist that we should dismiss this

13   action because of the loss of the car Plaintiff drove at the time of

14   his accident. (Docket No. 33.) Movants assert that, without the car,

15   they cannot inspect the functionality of the seatbelt that Plaintiff

16   claims to have failed him during the collision. (<u>Id.</u>) It follows,

17   according to Movants, that they would be unable otherwise to prepare

18   adequately to litigate the issue of causation of Plaintiff's

19   injuries. (<u>Id.</u>)

20       We are not convinced that Plaintiff's conduct during discovery

21   amounted to deliberate destruction of relevant evidence. Plaintiff's

22   mother, not he, was the title owner of the car and, thus, had the

23   right to dispose of the car as she saw fit. (Docket No. 33-5.)

24   Furthermore, there is no indication that Plaintiff and his mother

25   were in an agency relationship for the use of the car, such that her

Civil No. 08-2292 (JAF)                                          -4-

1    actions were imputable to him. As the submissions at this stage show

2    only venial fault, if any, on the part of Plaintiff in the loss of

3    the car, we decline to impose the harsh sanction of dismissal against

4    him. <u>See</u> <u>Collazo-Santiago</u>, 149 F.3d at 29.

5                                     **III.**

6                                 **<u>Conclusion</u>**

7        Accordingly, we hereby **DENY** Movants' motion for dismissal

8    (Docket No. 33) at this stage of the proceedings.

9        **IT IS SO ORDERED.**

10       San Juan, Puerto Rico, this 2nd day of September, 2009.

11                                      s/José Antonio Fusté
12                                      JOSE ANTONIO FUSTE
13                                      Chief U.S. District Judge